Arel Realty Corporation *v.* Myers Bros. Parking Corp., Appellant.

Argued June 9, 1975. Before WATKINS, P. J., JACOBS, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (HOFF-MAN, J., absent).

*Alan C. Gershenson,* with him *Marvin Comisky,* and *Blank, Rome, Klaus & Comisky,* for appellant.

*Samuel P. Lavine,* and *Steinberg, Greenstein, Gorelick & Price,* submitted a brief for appellee.

OPINION BY CERCONE, J., October 28, 1975:

This is an appeal from the order of the court below granting the plaintiff-appellee, Arel Realty Corp., a declaratory judgment. For the reasons set forth below, we reverse and remand.

On January 10, 1973, the appellee filed a petition for a declaratory judgment under the Uniform Declaratory Judgments Act.[1] That petition requested the court declare that, under the provisions of a long-term lease between the parties, the appellant (lessee) was not entitled to reduce the amount of its rent by taking as a credit the use or occupancy tax it paid to the School District of Philadelphia. The appellant responded on February 21, 1973, by filing preliminary objections in the nature of a demurrer and a supporting memorandum of law. On March 5, 1973, the appellee filed a memorandum of law in support of its petition for declaratory judgment. Apart from the final order from which the instant appeal was

---

1. Act of June 18, 1923, P.L. 840, §§1-16, as amended, 12 P.S. §§831-846, and its supplementary provisions, Act of May 22, 1935, P.L. 228, §§1-7, as amended, 12 P.S. §§847-853.

lodged, no other relevant entries appear on the lower court's docket. This fact is crucial in view of the other events that transpired.

The docket does not reveal that in May of 1973, the appellee filed a supplementary brief and an application for permission to amend its petition for declaratory judgment.[2] The appellant then countered with an additional memorandum of law in which it opposed the application to amend and renewed its preliminary objections. On June 4, 1973, and again on December 12, 1974, the lower court entertained arguments on the application to amend and on the preliminary objections as applied to both the original petition and the amended petition. On December 19, 1974, the lower court granted declaratory judgment and the instant appeal followed.

Appellant contends the lower court erred when it granted declaratory judgment to the appellee notwithstanding the fact that appellant was never afforded the opportunity to file a factual answer to either the petition for declaratory judgment or the amended petition for declaratory judgment. We agree.

The Act of May 22, 1935, P.L. 228, 12 P.S. §§ 847-853, supplementing the Uniform Declaratory Judgments Act of June 18, 1923, P.L. 840, 12 P.S. §§ 831-846, defines the procedure to be followed whenever a petition for a declaratory judgment is filed. Section 5 of the supplemental act, 12 P.S. §851, states:

"A defendant may by his answer, without first replying to the averments of fact in the petition, raise any question of law which goes either to the jurisdiction of the court or to petitioner's legal right to have the disputed matter determined in this character of proceeding, and any such question of law may be set down for hearing and disposed of in limine. If in the

2. The opinion of the lower court makes it clear, however, that the amended petition was considered by the court even though it was never officially entered upon the record.

opinion of the court, the decision of the question, thus
set for hearing, requires the determination against the
petitioner of the point or points raised, the court may
make such order thereon, as the situation demands.
If the court shall decide such points so raised against
a defendant, he may within fifteen days, file an answer
to the averments of fact in the petition, and the case
shall be set down for a hearing on the merits of the
controversy."

In *Melnick v. Melnick,* 147 Pa. Superior Ct. 564 (1942),
we recognized that the questions of law contemplated by
the above section are typically raised by filing prelimi-
nary objections. We further noted that this course of
action is similar to a demurrer. *Melnick,* supra. In the
case at bar, appellant filed preliminary objections which
challenged the appellee's petition on the grounds that it
failed to state a claim upon which relief could be granted.
In short, the preliminary objections were the equivalent
of a demurrer. By filing these objections in the nature of
a demurrer all the appellant did was to admit the facts
for the *sole purpose* of testing the legal sufficiency of the
challenged pleading; the effect is that even if the facts
set forth be true they do not constitute a legal claim, or
defense to the claim, as the case may be. *Dippel v. Brun-
ozzi,* 365 Pa. 264, 269 (1950).

Instantly, the lower court once having overruled the
preliminary objections should have then directed the
appellant to file an answer within fifteen days to the
factual averments raised in the appellee's petition. 12
P.S. §851, supra. The lower court, however, adjudicated
the entire controversy between the parties. In so doing
the court was clearly in error. At that stage in the pro-
ceedings, that is, in passing upon the points raised by
appellant's preliminary objections in the nature of a
demurrer, "the court is not concerned with the question
whether plaintiff is right in a controversy, but only with
whether he is entitled to a declaration of rights with

respect to the matters alleged." 22 Am. Jur. 2d, Declaratory Judgments § 91 (1965).

The action by the lower court was especially prejudicial in light of the respective positions assumed by the parties below. The appellee contended that the lease in question was ambiguous and that, among other things, the prior conduct of the parties supported its interpretation of the lease.[3] The appellant, on the other hand, argued that the lease was unambiguous.[4] We hold that the appellant should have been afforded the opportunity to explain or deny the appellee's factual averments.

Accordingly, the order of the lower court is reversed and the record is ordered to be remanded, with leave to the appellants to file an answer to the averments of fact within fifteen days following the return of the record, and for such further proceedings as prescribed by the Act of May 22, 1935, P.L. 228, 12 P.S. §§ 843-857.

HOFFMAN, J., did not participate in the consideration or decision of this case.

---

3. In its amended petition the appellee alleged certain facts concerning payments by the appellant of other taxes under the lease.

4. In view of our disposition of this matter, we express no opinion at this time as to the merits of either party's position.