**Doe v. Johns-Manville Corp.**

*Mitchell S. Cohen* and *Norman Perlberger,* for petitioners.

*Thomas DeLorenzo* and *Daniel J. Ryan, Jr.,* for Johns-Manville Corp.

BIESTER, *J.,* July 2, 1980—Petitioners have brought this action for declaratory judgment seeking to determine when the statute of limitations forecloses an action based upon the allegedly wrongful and protracted acts of respondents in permitting the industrial climate in which petitioner John Doe has worked to be such as to foster his contraction of asbestosis. This matter is presently before the court for disposition of respondents' preliminary objections to the petition of John Doe and Mary Doe pursuant to Bucks County Local Rule *266.

Since respondents have, inter alia, demurred to the petition, we must accept as true all well pleaded factual allegations in the petition: Philadelphia v. Penn Plastering Corp., 434 Pa. 122, 253 A. 2d 247 (1969); Arel Realty Corp. v. Myers Bros. Parking Corp., 237 Pa. Superior Ct. 87, 346 A. 2d 796 (1975).

Taking these well pleaded allegations as true, we assume the following facts.

Petitioner John Doe (petitioners have filed under pseudonyms to protect their anonymity, which subject is treated below) is and has been employed in the asbestos industry for over 25 years and as a result of that employment has been exposed to respondents' products for several years. In May of 1979, he learned that he had contracted asbestosis as a result of his continuous exposure to respondents' products. He has also been advised that the disease is not presently disabling but it may or may *not* become disabling in the indefinite future.

Petitioners ask the court to determine when the statute of limitations runs against their right to bring suit. Their dilemma lies in the fact that while John Doe may suffer some disability from this disease in the future, he does not suffer from any disability now; nor is it foreseeable that he is likely to suffer from any disability within two years of his discovery of the disease. Therefore he is confronted with the choice of bringing his action now, in which event he may not be able to show any significant damages nor be able to produce testimony to the effect that it is likely that he will suffer certain foreseeable damages, or, in the alternative, waiting until such time as true disability occurs and then suffer the discovery upon bringing the action at such later date that the statute of limitations ran out on his rights in May or June of 1981.

Doe's dilemma allegedly flows from certain ambiguities inherent in the statute of limitations, 42 Pa.C.S.A. §5524. He petitions the court to determine that the statute of limitations applicable to his case does not begin to run until he is in effect unable to work. Respondents oppose petitioners' construc-

tion of the statute of limitations and urge the court to determine that Doe must bring his action within two years of May 1979, the date he discovered he had contracted asbestosis.

Respondents severally raise four common preliminary objections to the petition posing the following issues:

1. Does there exist a real or justiciable controversy?

2. Does the court have the capacity to grant the relief sought under the law of Pennsylvania?

3. Does the action fail to conform to law and rules of procedure in that petitioners are not fully identified and designated by name?

4. Have petitioners failed to join all necessary parties?

We shall consider these issues in the order we have identified them.

## I. CONTROVERSY

Doe's petition is predicated upon 42 Pa.C.S.A. §7533 which provides in pertinent part that "[a]ny person . . . whose rights, status, or other legal relations are affected by a statute . . . may have determined any question of construction or validity arising under the . . . statute . . . and obtain a declaration of rights, status, or other legal relations thereunder."

The statute concerned is 42 Pa.C.S.A. §5524 which provides in pertinent part that "[t]he following actions and proceedings must be commenced within two years. . . . (2) An action to recover damages for injuries to the person . . . caused by the wrongful act . . . or negligence of another."

Respondents argue that because Doe is not yet and may never be disabled there is no present con-

troversy concerning §5524 and that the court is being asked to rule on a hypothetical or speculative question and therefore the petitioners are not entitled to seek declaratory judgment.

We believe that respondents' argument misses the whole point of declaratory judgment actions and demonstrates an extraordinary inability to appreciate the dilemma immediately confronting petitioners. Clearly, petitioners' "rights, status or other relations are affected" by the statute of limitations. Furthermore, petitioners' claim as to when the statute of limitations begins to run against a potential cause of action is directly antagonistic to the position of respondents. Petitioners aver that it runs from the time of Doe's inability to work. Respondents aver that it runs from the time of discovery. Respondents seem to believe that petitioners should be forced to *guess* at which point the statute begins to run, and petitioners believe that they are entitled to *know* when it begins to run and to *know now*, before it is too late, through the process of litigation in this declaratory judgment action in which each side can effectively present its respective point of view. Petitioners may be correct or incorrect in their assertion as to when the statute begins to run and the court makes no judgment at this very early stage of the proceedings on that ultimate question.

Respondents argue that the petition concerns a future event which may never occur and therefore declaratory judgment is not available. They correctly state the abstract proposition that declaratory judgment will not lie if it concerns a future event that may never occur: Philadelphia v. Philadelphia Transportation Co., 404 Pa. 282, 171 A. 2d 768 (1961); Kahn v. William Goldman Theatres, 341 Pa. 32, 17 A. 2d 340 (1941); Singer v.

Sheppard, 33 Pa. Commonwealth Ct. 276, 381 A. 2d 1007 (1978). However, their application of that principle to this case overlooks a present event that has certainly occurred, namely, Doe's presently diagnosed asbestosis. It also overlooks the essential implication of their own position on when the statute begins to run, i.e., it is running now. There may be a clock already ticking against Doe's rights and if it is, it is certain to run out in May of 1981.

Respondents' objection would be more appropriate if Doe were merely in danger of contracting asbestosis, which is not the case.

For example, in Kahn, the court declined to rule on the validity of respondent's first refusal option on the petitioner's land because there was no indication respondent would try to enforce the option. A similar result obtained in City of Philadelphia, wherein the petitioners held a similar option. The exercise of the option or enforcement of the option were the events that might never occur. Finally, in Singer the court refused to declare the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. §1009.101 et seq., unconstitutional in several *hypothetical* situations.

The instant case is distinguishable from those above because Doe has asbestosis and if respondents are correct on the question of when it begins to run, the statute may already be running against him. Doe would then be forced to sue in tort before June, 1981 or risk the bar of limitations. He would be subject to the very harm he seeks to avoid by declaratory judgment. Such a result would be contrary to the legislative intent in providing for declaratory judgments. "The stated purpose of the Declaratory Judgments Act is to settle and afford

relief from uncertainty and insecurity with respect to rights, status, and other legal relations. It is remedial legislation and is to be liberally construed and administered." Singer v. Sheppard, 33 Pa. Commonwealth Ct. at 281. See also Friestad v. Travelers Indemnity Company, 452 Pa. 417, 306 A. 2d 295 (1973).

In support of their position against the existence of a justiciable controversy, respondents indicate their awareness of the dilemma confronting plaintiff. Respondent A. C. & S., for example, argues in its brief:

"Inasmuch as his disability is a future event which may never occur, the Court is asked to rule on the basis of a hypothetical or speculative question."

Although respondent A. C. & S., recognizes the nature of petitioner's dilemma, it seeks to turn the dilemma itself into a reason for not utilizing the mechanism which would provide an answer to petitioners. Respondents confuse the future question of whether Doe's disability will ever occur with the present and clear issue of whether petitioners will lose all rights to sue in May of 1981.

Respondents last argument against the existence of a controversy is that Doe has an available alternative remedy, namely, a present action at law in tort. That is fallacious for it relies upon the existence of a tort action which may be totally premature or, in fact, unnecessary and in any event would not resolve whether the statute is presently running. Furthermore, 42 Pa.C.S.A. §7541 provides in relevant part, that:

"(b) . . . The General Assembly finds and determines that the principle rendering declaratory re-

lief unavailable in circumstances where an action at law or in equity or a special statutory remedy is available has unreasonably limited the availability of declaratory relief and such principle is hereby abolished . . . the remedy provided by this subchapter shall be additional and cumulative to all other available remedies except as provided in subsection (c).

"(c) . . . Relief shall not be available . . . with respect to any: (1) . . . divorce or annulment . . . (2) Proceeding within the exclusive jurisdiction of a tribunal other than a court. (3) Proceeding involving an appeal from an order of a tribunal."

None of these exceptions precludes declaratory relief in Doe's case, and the argument concerning a remedy at law is without merit.

We find that there is a controversy warranting declaratory relief.

## II. POWER TO GRANT RELIEF

Respondents' next common objection concerns the court's power to grant the specific relief prayed for, i.e., declaring that the statute of limitations begins to run only when Doe is disabled. They argue that the court may not thus extend the limitations period because such extension is prohibited by statute. The objection is without merit.

The Code, 42 Pa.C.S.A. §5504(a), provides that "(a) . . . Except as provided in section 1722(c) . . . or in subsection (b) of this section, the [limitations period] shall not be extended by order, rule or otherwise."

The exceptions in 42 Pa.C.S.A. §§5504(b) and 1722(c) do not apply to this case. Furthermore, 42 Pa.C.S.A. §5502(a) provides that "[t]he time within

which a matter must be commenced . . . shall be computed . . . from the time the cause of action accrued." Doe petitions the court to determine "the time [his] cause of action accrued." That the Assembly expected and intended courts to construe the phrase "the time the cause of action accrued" seems clear. Certainly the Assembly did not foreclose construction of it and the phrase is not defined or clarified in the statute. Furthermore, prior judicial decisions have construed when causes of action accrued for purposes of commencing the limitations period. See Ayers v. Morgan, 397 Pa. 282, 154 A. 2d 788 (1959); Lewey v. H. C. Fricke Coke Co., 166 Pa. 536, 31 Atl. 261 (1895).

Respondents further argue that declaratory relief is unavailable because petitioners have conceded in paragraph 16 of their petition that their cause of action first accrued in May of 1979. We do not find this inconsistency fatal to petitioners' request for declaratory relief.

In considering respondents' objection we must accept as true not only petitioners' well pleaded material facts to which the objection is addressed but also all inferences reasonably deducible from said facts: Gekas v. Shapp, 469 Pa. 1, 364 A. 2d 691 (1976). Furthermore, a party is only bound by admissions of fact in his pleading and is not bound by conclusions of law: Martin v. Poole, 232 Pa. Superior Ct. 263, 336 A. 2d 363 (1975). In passing on respondents' preliminary objections, only those facts specifically admitted by petitioners may be considered against them: Enoch v. Food Fair Stores, Inc., 232 Pa. Superior Ct. 1, 331 A. 2d 912 (1974).

Any fair reading of the petition and its contemporaneously filed memorandum of law demon-

strates that it is the position of the petitioners that their cause of action should not be deemed to accrue until much more adverse impact has occurred to John Doe than simply the diagnosis of the disease. For example, see the argument set forth on page five of the petitioners' memorandum of law attached to the petition and especially the following paragraph on page six:

"Petitioners assert that the time their cause of action accrues, based upon the factors present in the instant case, should not begin until sufficient time has elapsed for them to understand and evaluate potential damages in a realistic setting."

Note also that paragraph three of the proposed judgment submitted by petitioners reads as follows:

"The accrual of the cause of action of petitioners, if any, shall, for purpose of the limitations contained in 42 Pa.C.S.A. §§5502 and 5524, not begin until such time as the cumulative effects of petitioners asbestosis conditions manifests itself to such a degree that petitioner leave his employment due to his condition."

We therefore believe that the statement occurring in paragraph 16 of the petition, which reads, "Petitioners' cause of action, in the event they were to bring suit against all respondents, first accrued in May of 1979," must not be read as a concession that petitioners' cause of action accrued in May of 1979 to the extent of foreclosing their right to proceed with this declaratory judgment action. The averment in paragraph 16 of the petition, while confusing in light of petitioners' position, is nothing more than a legal conclusion not binding upon peti-

tioners as an admission: Camilli v. Alfred Gilbert, Inc., 5 D. & C. 3d 471 (1977).

Respondents' objections to the court's power to grant the requested relief are therefore overruled.

## III. PSEUDONYMS

Respondents also object to petitioners' use of pseudonyms. They cite Pa.R.C.P. 1018 which provides in pertinent part that "[t]he caption of a complaint shall set forth . . . the names of all the parties . . ." Pa.C.R.P. 1018. Petitioners argue that Doe would lose his job and be subject to "ridicule" and "ostracism" within the asbestos industry if he must sue in his real name.

Petitioners cite several cases in which privacy interests were protected by the use of pseudonyms. See Roe v. Wade, 410 U.S. 113, 93 S. Ct. 705, 35 L.Ed. 2d 147 (1973); Doe v. Bolton, 410 U.S. 179, 93 S. Ct. 739, 35 L.Ed. 2d 201 (1973). They have also offered to disclose petitioners' real names and substantiate the averments of their petition to the court ex parte and in camera to preclude any fraud.

After careful consideration of all of the arguments and concerns expressed by petitioners, we are unpersuaded that the apprehensions of adverse consequences are so great as to outweigh the requirement that actions be brought in the names of the real parties: Pa.R.C.P. 1018.

Respondents' preliminary objection respecting the anonymity of the petitioners is sustained.

## IV. PARTIES

Respondents further object that petitioners have not joined all necessary parties. The Act, 42

Pa.C.S.A. § 7540, provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties . . ." Respondents identify the missing parties only as the classes of similarly situated petitioners and respondents who have an interest in the precedent set by ruling on Doe's requested relief. This interest, however, is insufficient to require joinder. The "interest" should be one which would be affected by res judicata or collateral estoppel, not stare decisis. See Lifter Estate, 377 Pa. 227, 103 A. 2d 670 (1954) (interested beneficiaries of a will); Johnson Estate, 403 Pa. 476, 171 A. 2d 518 (1961) (will beneficiaries); Mid-Centre County Authority v. Township of Boggs, 34 Pa. Commonwealth Ct. 494, 384 A. 2d 1008 (1978) (municipality affected by regional sewer service agreement between third parties). Respondents' objection to the nonjoinder of necessary parties is therefore overruled.

## V. PERSONAL JURISDICTION OVER RESPONDENT TURNER & NEWALL, LTD.

Respondent Turner & Newall objects to the personal jurisdiction of the court. This objection is raised solely by Turner & Newall and is not shared by any other respondent. Turner & Newall is an English corporation served in England. It contends that there is no basis for long-arm jurisdiction. It further avers that petitioners' answer to its preliminary objection has put in issue the facts upon which Turner & Newall relies. Pa.R.C.P. 1028(c)

provides that "if an issue of fact [concerning a preliminary objection] is raised, the court shall take evidence by deposition or otherwise [to resolve it]. . . ."

Accordingly, we reserve decision on respondent Turner & Newall's objection until additional evidence on the factual issues is before the court.

It must be stressed that it would be premature to determine in this very limited review of the matter the ultimate issues in this case. As is so often the case when considering preliminary objections, the factual background comes from one side only. The court's decision is on the limited issues raised by the preliminary objections and on those issues only.

ORDER

And now, July 2, 1980, upon consideration of all pleadings and memoranda filed pursuant to Rule *266, it is hereby ordered as follows:

1. Respondents' preliminary objection respecting the anonymity of petitioners is sustained and petitioners are provided 30 days from this date within which to amend the petition to provide for identification of their real names and thereafter this action shall be captioned in their real names.

2. Leave is granted respondent Turner & Newall and petitioners to submit affidavits concerning respondent Turner & Newall's preliminary objection raising a question of jurisdiction and to resubmit the case for disposition of said objection pursuant to Rule *266.

3. Respondents' remaining preliminary objections to the petition are overruled.