434 A.2d 796

**1000 GRANDVIEW ASSOCIATION, INC., a Non-Profit Corporation by its Board of Directors, Appellants,**

v.

**MT. WASHINGTON ASSOCIATES, a Joint Venture, Rub-A-Dub-Dub, Inc., a Pennsylvania Corporation, Stanley Perlman, Marilyn Perlman and Marc Scoratow, Individuals, and Friendship Federal Savings and Loan Association of Pittsburgh.**

Superior Court of Pennsylvania.

Argued April 16, 1980.

Filed Sept. 11, 1981.

E. J. Strassburger, Pittsburgh, for appellants.

John M. Feeney, Pittsburgh, for Mt. Washington, et al., appellees.

C. John Tillman, Pittsburgh, for Friendship, appellee.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

This is an appeal by 1000 Grandview Association (hereinafter "the association") from an order sustaining preliminary objections and dismissing its complaint.

The association is a non-profit corporation comprised of all unit owners of a residential condominium property known as 1000 Grandview Avenue in Pittsburgh, Pennsylvania. On November 20, 1978, it filed a complaint against the developers of the condominium, Mt. Washington Associates, Rub-A-Dub-Dub, Inc., Stanley Perlman, Marilyn Perlman, and Marc Scoratow (hereinafter "the developers") and the construction lender, Friendship Federal Savings and Loan Association of Pittsburgh (hereinafter "the lender"). The com-

plaint contained three counts. The first count is not involved in the instant appeal. The second count is in assumpsit for damages for alleged specific and implied breaches of warranty for defects and omissions in the construction of the condominium. The third count, an alternative count in trespass, states that if the lender is not liable as a joint venturer as alleged in the second count, then it is still liable for breach of warranty because it breached its duty of care in supervising the design and construction of the condominium complex.

The developers and the lender both demurred and filed preliminary objections to the complaint. The developers alleged that the association lacked standing to sue. The lender alleged that the association had failed to state a cause of action against it as the lender of the construction money and that the association lacked standing to sue. On July 11, 1979, the court below sustained the objections by holding that the association had no standing to sue and that the lender could not be held liable as a joint venturer. This timely appeal followed.

■ We shall first turn to the association's contention that it has standing to sue as the representative of the individual condominium unit owners. The basic principles of standing were set forth by Mr. Justice Roberts of the Pennsylvania Supreme Court in *Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). The "core concept" in standing questions is whether the person is adversely affected or "aggrieved" in any way by the matter which he seeks to challenge through the judicial process. "[I]t is not sufficient for the person claiming to be 'aggrieved' to assert the common interest of all citizens in procuring obedience to the law." *Id.*, 464 Pa. at 192, 346 A.2d at 281. To have standing, the adversely affected party must allege an immediate, direct and substantial injury. *See id.*

In finding that the association lacked standing, the lower court relied heavily on the fact that a condominium council, the association herein, is created pursuant to the Unit Property Act, Act of July 3, 1963, P.L. 196, 68 P.S. § 700.101 *et*

*seq.*, and that the act does not expressly grant the council authority to maintain a lawsuit. The court reasoned that if the legislature intended the condominium council to have standing the statute would have expressly granted it. In conclusion, the lower court found that the "aggrieved" party with standing to sue would be individual condominium unit owners, not the association as their representative.

■ We do not agree that the association does not have standing to represent the individual condominium unit owners. While we agree with appellees that the association has not alleged injury to its status as the decision-making body representing the individual unit owners, it has alleged injury to its members' pecuniary interests as unit owners. Ordinarily, one may not claim standing to vindicate the rights of a third party. *See Barrows v. Jackson*, 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586 (1953).

Even in the absence of injury to itself, [however], an association may have standing solely as the representative of its members. The possibility of such representational standing, however, does not eliminate or attenuate the constitutional requirement of a case or controversy. The association must allege that its members, or any one of them, are suffering immediate or threatened injury as a result of the challenged action of the sort that would make out a justiciable case had the members themselves brought suit. So long as this can be established, and so long as the nature of the claim and of the relief sought does not make the individual participation of each injured party indispensable to proper resolution of the cause, the association may be an appropriate representative of its members, entitled to invoke the court's jurisdiction.

*Warth v. Seldin*, 422 U.S. 490, 511, 95 S.Ct. 2197, 2211, 45 L.Ed.2d 343, 362 (1975) (citations omitted). *See also Boston Stock Exchange v. State Tax Commission*, 429 U.S. 318, 97 S.Ct. 599, 50 L.Ed.2d 514 (1977); *Tripps Park Civic Association v. Pennsylvania Public Utility Commission*, 42 Pa. Cmwlth. 317, 415 A.2d 967 (1980); *Concerned Taxpayers v. Commonwealth of Pennsylvania*, 33 Pa.Cmwlth. 518, 382 A.2d 490 (1978).

Thus, an association may have representational standing to assert the rights of its individual members, if it alleges an immediate, direct and substantial injury to any one of them. The allegations of the second count of the complaint, which are admitted for the purposes of the demurrer, *Arel Realty Corporation v. Myers Bros. Parking Corp.*, 237 Pa.Super. 87, 346 A.2d 796 (1975), *after remand*, 258 Pa.Super. 548, 393 A.2d 669 (1978), state that the appellees failed to comply with their implied and express warranties for the common areas resulting in, *inter alia*, cracked masonry, water leakage, a defective sewage pump, etc. Surely these are allegations of a direct injury to the interests of the association's members which permit the association to claim standing.

In holding that the association has standing to represent the individual condominium owners, we acknowledge the precedent of other jurisdictions holding otherwise. *Friendly Village Condominium Association, Inc. v. Silva and Hill Construction Company*, 31 Cal.App.3d 220, 107 Cal.Rptr. 123 (1973); *Wittington Condominium Apartments, Inc. v. Braemer Corp.*, 313 So.2d 463 (Fla.App.1975); *Deal v. 999 Lakeshore Association*, 579 P.2d 775 (Nev.1978). *See also*, 69 A.L.R.3d 1148 (1976); 72 A.L.R.3d 314 (1976). The reasoning in these cases, however, predated or ignored the *Warth* holding that an association may have standing to represent its members; instead, they held that the condominium association lacked standing purely because it was not expressly granted by the particular state's statute. Since we have looked beyond the Pennsylvania statute which created the condominium association, the Unit Property Act, *supra*, and have based our holding on the general principles of standing, we find the precedent to be unpersuasive.

In concluding the discussion on the standing issue, we note that since this appeal was taken, the Pennsylvania legislature has repealed the Unit Property Act and has adopted the Uniform Condominium Act, 68 Pa.C.S. § 3101 *et seq.* (Adopted on July 2, 1980, effective in 120 days). The new act specifically states that the condominium association, even if

unincorporated, may "[i]nstitute, defend or intervene in litigation . . . ." 68 Pa.C.S. § 3302(a)(4). Moreover, even if the unit owners' association was formed before the effective date of the act, the association would still have standing to sue under the new statute if the complained of injury occurred after the act's effective date. 68 Pa.C.S. § 3102(a). Of course, the Uniform Condominium Act is not applicable to instant case.

■ The association's second allegation is clearly without merit. Friendship Federal was a mere lender of construction money and, as such, cannot be held liable for the quality of construction. *See Christiansen v. Philcent Corporation,* 226 Pa.Super. 157, 313 A.2d 249 (1973). Therefore, we affirm the lower court's order sustaining Friendly Federal's preliminary objections.

Order of the lower court affirmed in part and reversed in part. This action is remanded to the lower court for proceedings consistent with this opinion.