444 A.2d 179

**Clifford FAY, Trustee Ad Litem for Orchard West Homeowners Association, an Unincorporated Association, Appellant,**

**v.**

**BOHLIN & POWELL, a Professional Corporation, Peter Q. Bohlin and Richard E. Powell, a Partnership t/a Bohlin & Powell, and Peter Q. Bohlin and Richard E. Powell, Individually, and The Troup Fund, Inc.; Valbeth, Inc.; Mushal Construction Co., Inc.; and E. W. Roberts Son, a Business Entity.**

Superior Court of Pennsylvania.

Argued May 11, 1981.

Filed April 12, 1982.

70

William F. Anzalone, Wilkes-Barre, for appellant.

Arthur Silverblatt and Anthony B. Panaway, Wilkes-Barre, for Bohlin & Powell and Roberts Sons, appellees.

Thomas E. Roberts, Wilkes-Barre, did not file a brief on behalf of Troup Fund, appellee.

Michael A. Shucosky, Wilkes-Barre, for Valbeth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

The Orchard West Homeowners Association (hereafter referred to as Association) is an association acting through a Trustee ad Litem. The Association filed a complaint in assumpsit and trespass, and an amended complaint, against a group of architects; builders; a roofing contractor and the seller seeking damages in the sum of $150,000 for defects in the Association's main roof.

Bohlin and Powell (the architect) and E. W. Roberts Sons (the roofer) filed preliminary objections in the nature of a demurrer and a motion to strike contending that the Association has not established that it is "the real party in interest", as required by Pennsylvania Rules of Civil Procedure, Rule 2002. The lower court sustained the preliminary objections and dismissed the complaint.

Conceding that the Association was correct in instituting litigation in the name of a Trustee ad Litem under Rule 2152, Pennsylvania Rules of Civil Procedure, Judge Toole's opinion held that the Association must establish that it had the right to institute such an action against the appellees. The court then reviewed the pertinent paragraphs of the complaint. Clifford Fay was named Trustee ad Litem. The Association was defined as an unincorporated association composed of various owners of townhouses, condominiums and/or apartments located in Newberry Estate. The action was claimed to have been "brought by virtue of the authority given to the Association pursuant to the Declaration of Covenants." Copies of the instruments by which each member acquired their interests were incorporated by reference. (Amended Complaint, paragraphs 1–4).

The court found "nothing in the Declaration of Covenants which would grant to the Association . . . the right to institute an action in court." (Opinion, p. 13) Judge Toole then concluded that "a mere allegation setting forth the ownership interest of each member of the Association" was insufficient to confer legal standing on the Association to bring suit on behalf of its members. A panel of this court

recently held in *1000 Grandview Association, Inc., v. Mt. Washington Associates, et al.,* 290 Pa. Superior Ct. 365, 369, 434 A.2d 796, 798 (1981) on facts similar to the present case, that "an association may have representational standing to assert the rights of its individual members, if it alleges an immediate, direct and substantial injury to any one of them." *1000 Grandview Association* established the legal principle applicable to the present case. Paragraph 11 of the amended complaint avers that within one to two years after the Association's members acquired their interests, the main roof of the development was found to be defective. Such allegation is a sufficient averment of standing for the Association to bring its action.

▮ The demurrer filed by Valbeth, Inc. (averred successor to seller and contractor) was sustained because: (1) the lower court held that the Association had no legal standing to maintain its action; and (2) that the allegations directed against Valbeth constituted only conclusions of law, not supported by averments of fact.

Paragraphs 25 through 27 of the amended complaint avers that Valbeth had assumed the liabilities of the builder and seller of Orchard West.

The standards for sustaining preliminary objections in the nature of a demurrer are quite strict. A demurrer admits every well-pleaded material fact set forth in the pleadings to which it is addressed as well as all inferences reasonably deducible therefrom, but not conclusions of law. [Citations omitted] In order to sustain the demurrer, it is essential that the plaintiff's complaint indicate on its face that his claim cannot be sustained, and the law will not permit recovery. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970); *Schott v. Westinghouse Electric Corp.,* 436 Pa. 279, 259 A.2d 443 (1969); *Papieves v. Lawrence, supra.* If there is any doubt, this should be resolved in favor of overruling the demurrer. *Clevenstein v. Rizzuto,* 439 Pa. 397, 266 A.2d 623 (1970).

*Gekas v. Shapp,* 469 Pa. 1, 364 A.2d 691 (1976).

We note that the question of whether Valbeth did assume such liabilities involves a mixed question of fact and law. While there are no averments as to when, and by what means this assumption of liability was accomplished, we find that there is a sufficient statement of an assumption of liability to withstand a demurrer. The factual specifics behind the averment of assumption of liability can be procured by motions for more specific averments or through discovery.

The order dismissing the amended complaint is reversed, and the amended complaint is reinstated, with leave to any party defendants to pursue motions for more specific averments and discovery.