817 P.2d 941

Gene SHELBY, an unmarried woman; Edward DeValk and Mary Jane De-Valk, husband and wife, representatives of the class of individuals of Las Casas Bellas Subdivision, Tucson, Arizona; Las Casas Bellas Condominiums Association, an Arizona non-profit corporation; and Members of the Board of Directors of Las Casas Bellas Condominiums Association, Plaintiffs/Appellants,

v.

The ARIZONA REGISTRAR OF CONTRACTORS, Intervenor/Appellee.

No. 2 CA–CV 90–0211.

Court of Appeals of Arizona, Division 2, Department B.

Feb. 28, 1991.

Review Granted Oct. 22, 1991.

Tanis A. Duncan, Tucson, for plaintiffs/appellants.

Grant Woods, Atty. Gen. by Fred W. Stork, III and William V. Hornung, Tucson, for intervenor/appellee.

## OPINION

FERNANDEZ, Chief Judge.

Appellants appeal from the trial court's order limiting their recovery from the Residential Contractors' Recovery Fund to a single payment of $15,000, arguing that the individual appellants are each entitled to a $15,000 payment and that the condominium association is entitled to recover the full amount of its judgment. We disagree and affirm.

In April 1988, appellants Gene Shelby and Edward and Mary Jane DeValk filed suit against Las Casas Bellas Condominium Association and its board of directors; Las Casas Bellas Associates, a limited partnership; its limited partners, Angelo and Jane Doe Pisciotta; and its general partner, Anjo, Inc. The complaint sought damages for breach of contract in failing to properly maintain the common areas of the development, for breach of fiduciary duty in collecting and managing assessments and in failing to establish reserve accounts, for negligence and breach of warranty in the construction of the development, and for misrepresentation. The complaint also sought an accounting and appointment of a receiver.

During the course of the litigation, appellants Shelby and DeValk twice sought unsuccessfully to have it declared a class action. Their second request resulted in the granting of their alternative request, to have the condominium association and its directors made plaintiffs rather than defendants. The basis for that ruling was the fact that the association had ceased to be controlled by the developer and instead is now controlled by the homeowners pursuant to the applicable covenants, conditions, and restrictions.

At the time set for trial, the parties entered into a stipulated judgment, which provided that each plaintiff would have judgment against Anjo, Inc. on the negligence/breach of warranty count. Shelby was awarded $25,250, the DeValks $17,400, and the condominium association $35,720 "on behalf of all the owners of 63 residential units in Las Casas Bellas Condominium." It is undisputed that the damages awarded were for problems with the common elements only. The damages awarded to Shelby and the DeValks are for required repairs to the roofs of the buildings in which their units are located. The roofs are part of the common elements.

After judgment was entered, appellants applied for an order pursuant to A.R.S. § 32–1136 directing payment from the recovery fund. The registrar responded that it had no objection to making payment but objected to the amounts requested. After supplemental memoranda were filed, the trial court ruled that all three appellants were entitled to a single award of $15,000.

## RESIDENTIAL CONTRACTORS' RECOVERY FUND

■ The recovery fund was created by A.R.S. § 32–1132(A), which provides in part:

There is established the residential contractors' recovery fund, to be administered by the registrar, from which any person injured by an act, representation, transaction or conduct of a residential contractor, which is in violation of this chapter or the regulations promulgated pursuant to this chapter, may be awarded in the county where the violation occurred an amount of not more than fifteen thousand dollars for damages sustained by the act, representation, transaction or conduct.... No more than the maximum individual award from the fund shall be made on any individual residence or to any injured person.

"Person injured" is defined as

any owner of residential real property ... which is actually occupied by the owner as a residence including, but not limited to, community property, tenants in common or joint tenants who is damaged by the failure of a residential contractor to adequately build or improve a residential structure or appurtenance on that real property.

A.R.S. § 32–1131(3). The fund is prohibited from paying more than $75,000 in claims against any single contractor. A.R.S. § 32–1139(A).

As the registrar notes, the recovery fund statutes do not specifically address an award to a condominium association or individual owners of condominium units. Because the statute requires a person injured to own and actually occupy the residence involved, it does not expressly encompass the concept of condominium ownership. Those requirements are not completely compatible with that concept.

The general concept involves a scheme of real property ownership whereby an owner individually owns a horizontal layer of 'cubic content space' which is subject to his exclusive control, ... together with an undivided fractional or percentage interest held in common with other unit owners in the 'general common elements'. Among other things, the general common elements include the land, the foundations, floors, the exterior walls of each apartment, ceilings and roofs, and in general all that portion of the property other than that which is subject to the exclusive ownership and control of an individual apartment owner.

*Makeever v. Lyle,* 125 Ariz. 384, 386, 609 P.2d 1084, 1086 (App.1980) (citation and footnote omitted). *See also* A.R.S. §§ 33–1202(7) and (10), 33–1217(A). Each owner of a condominium unit thus owns an undivided fractional interest in the common elements, but no owner can be said to "actually occup[y]" the common elements as a residence, nor can it be said that the association "occupie[s]" the common elements as a residence.

Despite the fact that the recovery fund statutes are not completely compatible with the concept of condominium ownership, however, we see no indication that they were not intended to apply to condominium owners. Therefore, we must apply the statutes in accordance with the statutory intent expressed at the time the recovery fund was created: "to provide improved protection for owners and lessees of property who contract for the construction or alteration of residential structures." 1981 Ariz.Sess. Laws ch. 221, § 1.

■ Appellants acknowledge that the condominium association is charged with maintaining the common elements. The association also has authority to institute litigation "in its own name on behalf of itself or two or more unit owners on matters affecting the condominium." A.R.S. § 33–1242(4). At the time this lawsuit was filed, the association was comprised only of the

developers. Indeed, one of the counts alleged was that the association had failed to perform its duty of maintaining the common elements. As a result, Shelby and the DeValks filed suit, characterizing themselves as "representatives of the class of individuals of Las Casas Bellas Subdivision." The association became a plaintiff only after the homeowners gained control of it. It seems obvious that if the association had been under the control of the homeowners at the time suit was filed, it would have been the only plaintiff and there would be no award of damages to any individual owners. Under the circumstances then, it makes no sense to argue, as appellants do, that the awards to Shelby and the DeValks are for defects to the roofs of the entire buildings in which their units are located and to also contend that the awards render them individual "person[s] injured" under the recovery fund statute so that each is entitled to an individual recovery of $15,000. Under no stretch of the imagination can it be said that their units are subject to assessments for the full amount of the repairs required for the entire building. Clearly, those repairs will be allocated to all the owners according to their fractional interests. Thus, neither Shelby nor the DeValks are entitled to an individual award from the recovery fund.

■ We find even less merit to appellants' contention that the association is entitled to recover from the fund the full amount of the $35,720 awarded it on the theory that the association represents 63 unit owners and that each constitutes a "person injured" under the statute. That argument ignores the fact that the 63 owners are fractional owners whose total ownership equals one. In addition, the cases appellants cite in support of their contention are inapplicable. In those cases, the issue was whether a condominium association can maintain suit on behalf of all unit owners in the absence of specific statutory authority. *Council of Unit Owners of Sea Colony East v. Carl M. Freeman, Associates, Inc.,* 531 A.2d 1217 (Del.Super.Ct.1987); *Briarcliffe West Townhouse Owners Association v. Wiseman Con-*

*struction Co.,* 118 Ill.App.3d 163, 73 Ill. Dec. 503, 454 N.E.2d 363 (1983); *1000 Grandview Association, Inc. v. Mt. Washington Associates,* 290 Pa.Super. 365, 434 A.2d 796 (1981). The association is thus entitled to no more than one award of $15,000.

Appellants' citation of two cases from other jurisdictions is also of no assistance. Not only is this case strictly one of interpretation of an Arizona statute, but the cases cited do not stand for the proposition appellants claim they do. In *Stony Ridge Hill Condominium Owners Association v. Auerbach,* 64 Ohio App.2d 40, 410 N.E.2d 782 (1979), the court held that the association could recover damages for misrepresentations as to the roof on behalf of all 24 owners although only four had testified. The court did not grant judgment to any individual owners, as appellants claim, but only to the association, which had filed suit on behalf of all the owners for damages to the common elements. The issue in *Drexel Properties, Inc. v. Bay Colony Club Condominium, Inc.,* 406 So.2d 515 (Fla.App. 1981), was whether the association could recover for defects in the common elements even though some of the owners had purchased their units subsequent to the time the damage was incurred.

We agree with the trial court that appellants are only entitled to a single award of $15,000 from the residential contractors' recovery fund.

Affirmed.

ROLL, P.J., and HOWARD, J., concur.