J-A13012-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BEAUMONT CONDOMINIUM ASSOCIATION,<br><br>     Appellee<br><br>   v.<br><br>JEFFREY M. BROWN ASSOCIATES, INC., CARSON CONCRETE CORP., BEAUMONT CORP., MONTIVUE CONSTRUCTION AND PENNONI ASSOC., INC.<br><br>APPEAL OF: JEFFREY M. BROWN ASSOCIATES, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br>No. 2177 EDA 2016 |

Appeal from the Judgment Entered September 9, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  1896, January Term, 2014

_____

| | |
|---|---|
| JEFFREY M. BROWN ASSOCIATES, INC.,<br><br>     Appellant<br><br>   v.<br><br>CARSON CONCRETE CORPORATION,<br><br>     Appellee | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br><br><br>No. 2181 EDA 2016 |

Appeal from the Order Entered June 7, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  02440, December Term, 2013

J-A13012-17

CONCURRING AND DISSENTING MEMORANDUM BY FITZGERALD, J.:

**FILED NOVEMBER 03, 2017**

I agree with the majority on all grounds except one. In my view, the Beaumont Condominiums Assocation ("Association") had a valid cause of action against Jeffrey M. Brown Associates, Inc. ("JMB") for implied warranty of habitability to the extent that the incident in question damaged the common elements of the condominium. Therefore, JMB has a right to seek indemnification from Carson Concrete Corporation ("Carson") for the amount of settlement proceeds that JMB paid the Association for damage caused to the common elements.

As the majority recounts, around New Year's Day 2013, a post-tensioned cable in the Beaumont Condominiums complex lost its tension and ripped out of the concrete floor of a tenth floor unit, damaging the unit and common areas and compromising the building's structural integrity. The Association imposed a special assessment on its members to pay for repairs caused by this incident. R.R. 64a (testimony of David Fineman). The Association sued, *inter alia*, JMB, Carson and Pennoni Associates ("Pennoni"); one of the Association's claims against JMB was for breach of the implied warranty of habitability. JMB in turn asserted a cross-claim

---

[*] Former Justice specially assigned to the Superior Court.

- 2 -

against Carson for, *inter alia*, contractual indemnification. JMB and Pennoni subsequently settled with the Association for $140,000.00.[1]

JMB continued to pursue its claims against Carson. Following trial, the court held that the Association lacked a valid cause of action against JMB for breach of the implied warranty of habitability, because only unit owners possess this right of action. Trial Ct. Op., 9/12/16, at 19 (only "first purchasers" have implied warranty of habitability claim, because this claim is "rooted in the existence of a contract—an agreement of sale—between the builder-vendor of a residence and the purchaser-resident") (citation omitted). Thus, the court held that JMB had no right of indemnification against Carson.

The Pennsylvania Uniform Condominium Act ("PUCA"), 68 Pa.C.S. §§ 3101-3414, became effective in 1980. Pennsylvania courts have not expressly addressed whether the PUCA provides condominium associations (as opposed to condominium unit owners) with an implied warranty of habitability in common areas.[2] I conclude, however, that such a right exists under the PUCA, because it expressly authorizes a condominium association to "[i]nstitute, defend or intervene in litigation . . . in its own name or on

---

[1] JMB paid $103,001.00, and Pennoni paid $36,599.00.

[2] In ***1000 Grandview Avenue Ass'n v. Mt. Washington Assoc.,*** 434 A.2d 796 (Pa. Super. 1981), we held that condominium associations had standing to assert warranty claims under the PUCA's predecessor statute, the Unit Property Act, 68 P.S. § 700.101 *et seq*. We expressly noted, however, that the PUCA did not apply to that case. ***Id.*** at 798.

behalf of itself or two or more unit owners on matters affecting the condominium" and "[r]egulate the use, maintenance, repair, replacement and modification of common elements." 68 P.S. §§ 3302(a)(4), 3302(a)(6). The defect here appears to have occurred within a "common element," as that term is defined under the PUCA. **See** 68 P.S. § 3103 (defining "common elements" as "all portions of a condominium other than the units"). I agree with JMB that "[i]t is . . . both logical and efficient to allow a condominium association—vested by statute with the power to institute litigation on matters affecting the common elements of a condominium—to assert a right of action for breach of the implied warranty of habitability in those common elements." Appellant's Brief at 22.

Courts in other jurisdictions have held under similar circumstances that condominium associations possess a cause of action for breach of the implied warranty of habitability. In ***Windham at Carmel Mountain Ranch Ass'n v. Superior Court***, 109 Cal. App. 4th 1162 (Cal. Ct. App. 2003), a condominium association brought an action against a builder for breach of the implied warranty of habitability arising from construction defects in common areas. ***Id.*** at 1166. The defendant argued that the condominium association lacked the requisite privity of contract to maintain a cause of action for breach of the implied warranty of habitability. ***Id.*** at 1167. Like Pennsylvania, California statutory law explicitly authorized condominium associations to institute litigation in matters pertaining to damage to

common areas. *Id.* at 1171 (citing California Code Civ. Proc. § 383). The

*Windham* court held that

> [b]ecause [the statute] grants an association standing to sue *as a real party in interest* for damage to a common interest development's common areas, we conclude the plain meaning of [the statute's] language provides [the] Association with the requisite privity for maintaining a cause of action for breach of implied warranty for alleged damage to the common areas within the Project.

*Id.* at 1172 (emphasis in original; citation omitted). *Windham* reasoned:

> [I]t would be a waste of resources of the courts and litigants if each individual owner were required to join in an action for damage to common areas arising out of an alleged breach of implied warranty. Because associations generally are required to manage, maintain and repair a project's common areas, it would be illogical to deprive associations of the ability to sue to recover for damage to common areas they are obligated to repair. Because individual owners generally do not have the right to repair common areas, it would be inefficient to require or allow only those owners, rather than their association, to sue for breach of implied warranty to recover for damages to common areas.

*Id.* at 1173-74 (citations omitted).

The Florida Supreme Court reached a similar conclusion in *Charley Toppino & Sons, Inc. v. Seawatch at Marathon Condominium Ass'n, Inc.*, 658 So.2d 922 (Fl. 1994). A Florida statute provided that a condominium association "may institute, maintain, settle or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest . . . including, but not limited to, the common elements." West's F.S.A. § 718.111(3). The Florida Supreme Court held that the

statutory authority to institute litigation in matters affecting common areas gives condominium associations a right of action for breach of the implied warranty of habitability:

> [The statute's] grant of power to associations to sue on behalf of unit owners is plainly and broadly worded and we see no reason to give this provision a cramped reading. Accordingly, we conclude that under the express provisions of [the statute], the right to bring an implied warranty claim belongs to the unit owners, and this right may be exercised by the unit owners in the aggregate through their condominium association in matters of common interest.

***Charley Toppino & Sons,*** 658 So.2d at 924.

I find ***Windham*** and ***Charley Toppino*** persuasive and that their reasoning applies with equal force to PUCA.

I therefore respectfully disagree with the majority's determination that the Association lacked a valid cause of action for breach of the implied warranty of habitability against JMB. Because PUCA expressly vests condominium associations with the authority to manage common elements and to institute litigation in their own name in matters affecting common elements, the Association had standing to sue for breach of the implied warranty of habitability to the extent that the incident in question caused damage to the common elements of the condominium.

As a result, I respectfully disagree with the majority's decision that JMB lacked a right of indemnification against Carson. In my view, JMB has a right to seek indemnification against Carson for any proceeds that JMB paid

the Association for damage caused to the common elements of the condominium.